**NOT FOR PUBLICATION**

```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

|                                |   |                                   |
|--------------------------------|---|-----------------------------------|
| KRISTINE WAYBERG,              | : | CIVIL ACTION NO. 09-2802 (MLC)    |
| Plaintiff,                     | : | **MEMORANDUM OPINION**            |
| v.                             | : |                                   |
| CF LOGISTICS, LLC, et al.,     | : |                                   |
| Defendants.                    | : |                                   |

**THE COURT** ordering the removing defendant, CF Logistics, LLC ("CFLLC"), to show cause why the action should not be remanded to state court (dkt. entry no. 3, Order to Show Cause ("OTSC") at 8); and it appearing that CFLLC failed to (1) submit the entire Complaint, (2) allege that the other defendants — Country Fresh Mushroom Co., Inc. ("CFM") and David Wolfe, Jr. ("Wolfe") — consented to removal, (3) properly allege the citizenship of (a) CFM, Wolfe, and the plaintiff, and (b) itself, and (4) timely remove the action (id. at 1-9; see dkt. entry no. 1, Rmv. Not. dated 6-4-09); and the plaintiff objecting to removal (dkt. entry no. 4, 7-6-09 Pl. Resp. at 1-2); and

**CFLLC** now (1) providing the Court with the entire Complaint, (2) alleging that all defendants consent to removal, and (3) properly alleging the citizenship of CFM, Wolfe, and the plaintiff (dkt. entry no. 5, CFLLC Resp.); but

**THE COURT EXPLAINING** that CFLLC's allegation as to its own citizenship — that it has a Pennsylvania place of business — was

meaningless, as CFLLC is a limited liability company, which is (1) an unincorporated association, and (2) deemed to be a citizen of each state in which its members are citizens, not the states in which it is formed or has its principal place of business (see OTSC at 1-2, 6 (providing case law and guidance concerning proper citizenship allegation)); and the Court also explaining that removal is barred if CFLLC is deemed to be a citizen of, among other states, New Jersey (id. at 4-6 (providing statutory support, case law, and guidance)); and

**CFLLC** — in response — treating itself as a corporation, as opposed to a limited liability company (see CFLLC Resp. at 2 (stating CFLLC is "incorporated" in Pennsylvania with "its primary place of business in Pennsylvania"); cf. id., Ex. B, Company Information (identifying CFLLC as a limited liability company)), cf. 28 U.S.C. § 1332(c)(1) (concerning corporation's citizenship only); and CFLLC thus failing to demonstrate (1) its own citizenship, or (2) that it is not deemed to be, inter alia, a New Jersey citizen; and

**THE COURT FURTHER EXPLAINING** that an action must be removed within thirty days after a defendant's receipt, through service or otherwise, of the Complaint (see OTSC at 5-6 (providing statutory support and guidance)); and the action being removed on Thursday, June 4, 2009 (see Rmv. Not. at 1 (featuring Clerk's Office stamp of "RECEIVED" on "2009 JUN -4")); and it appearing

2

that Tuesday, May 5, 2009, precedes June 4, 2009, by thirty days; and CFLLC admitting that the last defendant to receive the Complaint — Wolfe — did so before May 5, 2009 (see CFLLC Resp. at 2, 5);[1] and thus it appearing that the Complaint was not removed in a timely manner; and

**THE COURT** — as CFLLC has failed to demonstrate (1) the citizenship of CFLLC itself, and that CFLLC is not deemed to be, inter alia, a New Jersey citizen, and (2) that the action was timely removed — intending to grant the Order to Show Cause and remand the action to state court; and for good cause appearing, the Court will issue an appropriate order and judgment.

    s/ Mary L. Cooper
**MARY L. COOPER**
United States District Judge

Dated:  July 13, 2009

---

[1] Wolfe received the Complaint on Sunday, May 3, 2009. The removal of the action would still be one day late even if the Court were to calculate the time from Monday, May 4, 2009.